**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Brandon Jose Mercado,<br>Plaintiff(s),<br>v.<br>Devaughn Smith, et al.,<br>Defendant(s). | Case No. 2:26-cv-01232-CDS-NJK<br>**Order**<br>[Docket No. 16] |

Pending before the Court is a renewed stipulation to extend case management deadlines by 60 days. Docket No. 16.

Case management deadlines are important and must be taken seriously by litigants. *E.g.*, *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. Sept. 13, 2022) (collecting Ninth Circuit cases). Modifying unexpired case management deadlines requires a showing of good cause, *see* Fed. R. Civ. P. 16(b)(4), Local Rule 26-3, which turns on whether the subject deadlines cannot reasonably be met through the exercise of diligence throughout the allotted period, *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). When diligence is lacking, the judicial inquiry ends and the request is denied. *Id.* "That a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams*, 627 F. Supp. 3d at 1178.[1]

Good cause has not been shown for the requested 60-day extension. The parties indicate that good cause exists because they need more time to complete discovery prior to expert disclosures. Docket No. 16 at 3-4. That more time is desired for discovery is not the critical

[1] In the scheduling order, the Court expressly warned that "[t]he case management deadlines are not to be considered tentative in nature. The Court intends to enforce case management deadlines absent a proper showing that modification is warranted, even if that request is presented jointly or by stipulation." Docket No. 12 at 1.

question however; the key inquiry is whether the current deadlines cannot be met had the parties been exercising reasonable diligence throughout the discovery period already provided. *Williams*, 627 F. Supp. 3d at 1177. In this case, Defendants have propounded no affirmative discovery of any kind[2] and Plaintiff has propounded one set of written discovery. That is not a record of diligence and a meaningful showing has not been made that the current deadlines could not be met had diligence been exercised.[3]

Although good cause has not been shown, the Court will as a courtesy adopt the alternative request of extending only the expert disclosure deadlines as a means to foster resolution of the case on its merits. Accordingly, the renewed stipulation to extend case management deadlines is **GRANTED** in part and **DENIED** in part. Case management deadlines are **RESET** as follows:

- Amend pleadings/ add parties: closed
- Initial experts: October 10, 2026
- Rebuttal experts: October 30, 2026
- Discovery cutoff: November 10, 2026
- Dispositive motions: December 10, 2026
- Joint proposed pretrial order: January 12, 2027, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: August 21, 2026

Nancy J. Koppe
United States Magistrate Judge

[2] Defendants indicate that they will not seek Plaintiff's deposition until after receiving his responses to written discovery, Docket No. 16 at 3, which begs the question of why Defendants have not yet served any written discovery to prompt Plaintiff's response.

[3] Defense counsel apparently has a trial in another case in September, Docket No. 16 at 4, which also does not amount to good cause to modify case management deadlines, *Williams*, 627 F. Supp. 3d at 1179.